[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 24, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-14510
Non-Argument Calendar

_____

D. C. Docket No. 04-01249-CV-TWT-1

JAMES J. GORMLEY,

Plaintiff-Appellant,

versus

WILMER "BUDDY" PARKER, III,
KILPATRICK STOCKTON, LLP,
a limited liability partnership,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(May 24, 2006)

Before TJOFLAT, ANDERSON and BIRCH, Circuit Judges.

PER CURIAM:

In Gormley v. Parker et al., No. 04-13768 (decided January 21, 2005) (11th Cir. 2005) (not published), we affirmed the district court's judgment dismissing appellant's complaint for want of subject matter jurisdiction under 28 U.S.C. § 1332. Appellant thereafter twice moved the district court to vacate its judgment under Fed. R. Civ. P. 60(b) on the ground that the district court and this court made an error of law in holding that the district court lacked § 1332 jurisdiction. The court denied his motions as untimely. Appellant then moved the court to alter or amend its ruling pursuant to Fed. R. Civ. P. 50(e), arguing that the Rule 60(b) motions were timely. The court denied the motion, concluding that the Rule 60(b) motions were not made within a reasonable time.

Appellant now appeals, contending that the district court should have vacated its earlier judgment dismissing his complaint for lack of subject matter jurisdiction. We affirm.

"Rule 60(b) may not be used to challenge mistakes of law which could have been raised on direct appeal." Am. Bankers Ins. Co. of Fla. v. Northwestern Nat'l Ins. Co., 198 F.3d 1332, 1338 (11th Cir. 1999). Appellant could have presented the error in question to this court on direct appeal; hence, the district court properly denied his Rule 60(b) motions. Because the court appropriately disposed of those motions, his challenge to the Rule 59(e) ruling fails.

AFFIRMED.

2